LOTTINGER, Judge.
Petitioner, Archie A. Parker, Jr., brought this suit against Bogalusa Ice Company, for personal injuries alleged inflicted upon petitioner by Herman Applewhite, an employee of defendant, while said Applewhite was within the course and scope of his employment with defendant. The Lower Court rendered judgment for defendant, and dismissed petitioner’s suit. The petitioner has appealed.
The facts as shown by the testimony of the witnesses show that the defendant company operated a cold storage plant in the City of Bogalusa. Its customers would bring perishable products to defendant for storage in return for payment of a fee. On the morning of February 9, 1952, the petitioner went to the ice plant to pick up a side of beef which had been stored there by his father. Applewhite was on duty at the time, and he and petitioner went to the cold storage room and rolled the beef out on a hook . to the platform in front of defendant’s place of-business. The beef weighed about 170 pounds and as petitioner was unable to handle it alone, he asked Applewhite to cut it in half for him. In cutting the beef in half, the knife cut the left hand of petitioner, who was holding the beef, which cut resulted in this suit.
The evidence shows that the defendant company was not engaged in the business of cutting meat for cold storage, but was simply engaged in the storing of meat for freezing purposes. Applewhite was employed for the purpose of selling ice, as well as accepting the meat from the customers. While it is' true that Applewhite testified that on ‘some few occasions he had assisted ladies in cutting meat, the evidence shows that this was not a function for which he was employed, and he had been instructed not'to Cut meat for defendant’s' customers. His only duty was to receive meat and deliver same to ■ the defendant’s customers, and it was left up to the customer to deliver 'the meat into the cold storage room, and to receive it' in the cold storage room.
, As to,-the actual tort alleged, the facts show that the petitioner, brought his own knife with which to cut the meat. The defendant company did not own any instruments for the cutting o.f beef. The petitioner started, to cut the beef, but as he did not know how to do so, he requested Apple-white to do it for him. While Applewhite was so engaged -in the process of cutting the meat, the petitioner placed his right hand on -the fore-shoulder and his left hand about mid-way of the' carcass of meat. Apple-white did not see petitioner’s hand and, in cutting the meat, he cut the petitioner’s fourth finger of the left hand severing the tendons thereon.
The petitioner claims that the injuries received, were caused by the negligence of Applewhite while acting within the course and scope of his employment with defendant. The defendant, on the other hand, claims that the cutting of beef was not with *150 in the scope of Applewhite’s employment, that there was no negligence on the part.of Applewhite, and, in the event there was some negligence on the part of Applewhite, then the petitioner was guilty of contributory negligence. .
The Lower Court held that the accident did not occur within the scope óf Apple-white’s employment, and further held that Parker was negligent in placing his band in a position where it was not visible to Apple-white.
We are inclined to agree with the Lower Court in its holding that the cutting of beef was not a duty for which Apple-white was employed. That such was known by petitioner is apparent by the fact that petitioner brought tools with him in order to cut the carcass in two. The petitioner had been to defendant’s cold storage plant many times, and had he known that defendant had been in the business of cutting beef, we do not believe that he would have carried his own tools with him. The defendant’s evidence shows that Applewhite had been emphatically instructed not to cut beef for defendant’s customers. His action in the instant case was in contradiction of his instructions, and the fact that petitioner brought his own knife to the ice plant shows that he well knew that the cutting of beef was not one of Applewhite’s duties.
Even were it apparent that Apple-white was still in the scope of employment during his act of cutting the meat, the evidence shows some negligence on the part of petitioner. The petitioner asked Apple-white to cut the carcass in two for him. Then when Applewhite was on the opposite side of the beef from petitioner, and Apple-white’s view was obstructed, the petitioner grabbed hold of the carcass. If negligence was shown on the part of anyone, it was shown on the part of petitioner.
We are unable to find any error in the judgment of the Lower Court and, in the absence of same, the judgment below will be affirmed.
Judgment affirmed.